659 F.2d 1088
 Energy Mgt. P 26,329
Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The People of the State of California
v.
James B. Edwards, et al. v. USA Petroleum Corporation.
 
 1
 Dkt. No. 79-3604.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 
 3
 July 21, 1981.
 
 
 4
 Before Nelson and Norris, Circuit Judges, and Thompson,* District Judge.
 
 
 5
 Appellant, USA Petroleum Corporation (USA) appeals from an order of the district court dismissing its counterclaim and cross-claims against the State of California and the Department of Energy (DOE). Appellant contends that under California law its contract with California is invalid and unenforceable because it violates, or at one time violated, federal supplier-purchaser regulations.
 
 
 6
 This Court is not deprived of jurisdiction by section 5(a) of the Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. Sec. 754(a). USA does not challenge any regulation promulgated by the FEA or any ruling issued by the FEA or the DOE. The only issue on appeal involves a question of California contract law. Moreover, the issue on appeal is not the sort of subsidiary or threshold issue which if removed from the jurisdiction of the Temporary Emergency Court of Appeals (TECA) would prevent TECA from performing the normal and necessary functions of an appellate court. See Quincy Oil, Inc. v. F.E.A., 620 F.2d 890, 893 (Em.App.1980). Nor is it an issue whose resolution would involve policy questions directly affecting the EP[A]A and its enforcement. See United States v. Wickland, 619 F.2d 75, 78-79 (Em.App.1980).
 
 
 7
 USA's argument that its sales contract with California is unenforceable for illegality is without merit. The alleged illegality was the sale by California to USA of oil that, USA contends, California was obligated under federal law to sell to the Burmah Oil and Gas Company. However, the 1979 DOE decision upholding Interpretation 77-14 concluded that the USA-California contract was not made unlawful by the earlier Interpretation 74-4 relating to the improper termination of the California-Burmah purchaser-supplier relationship. This 1979 DOE decision also concluded that California and Burmah had effectively terminated their supplier-purchaser relationship retroactive to May 1, 1974. Thus, under the DOE's interpretation of the applicable federal regulations, California was not obligated to sell oil delivered to USA to Burmah, and the USA-California contract was not unlawful under federal law. USA does not challenge this DOE interpretation. USA's claim of illegality must, therefore, fail. California has delivered oil to USA as required by the contract; California is entitled to be paid the contract price.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation